NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DUSTIN LEROY BRISLAN, *Appellant.*

No. 1 CA-CR 17-0431
FILED 8-16-2018

Appeal from the Superior Court in Maricopa County
No.  CR 2014-139999-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

---

C A M P B E L L, Judge:

¶1　　　　Dustin Leroy Brislan timely appeals from his convictions and sentences for armed robbery, a class two dangerous felony, and attempted theft of means of transportation, a class four felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Brislan's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Brislan to file a supplemental brief *in propria persona*, but Brislan did not do so. After reviewing the entire record, we find no reversible error and therefore affirm Brislan's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2　　　　In August 2014, Brislan—carrying a gun—approached a victim outside of a Goodwill store. He robbed the victim of her purse, which contained five $10 bills. He attempted to steal the victim's vehicle but failed because he was unable to start the vehicle. Brislan fled the scene and the police were contacted. The victim gave the police a description of Brislan and he was apprehended shortly thereafter. A search of his person revealed five $10 bills, a cellphone, and a Goodwill clothing tag. The victim made an in-person identification of Brislan and he was subsequently arrested and charged with armed robbery, a class two dangerous felony, and attempted theft of means of transportation, a class four felony.

¶3　　　　After participating in competency proceedings, Brislan was found competent. Following a jury trial, Brislan was found guilty on both counts. At sentencing, the superior court ordered concurrent, presumptive sentences of 17 years on count one and 10 years on count two—both

---

[1] We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Brislan. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

consecutive to imprisonment in another matter. He was given 151 days of presentence incarceration credit.

## DISCUSSION

**¶4**     We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Brislan received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

**¶5**     The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Brislan's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Brislan was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

## CONCLUSION

**¶6**     We affirm Brislan's convictions and sentences.

**¶7**     After the filing of this decision, defense counsel's obligations pertaining to Brislan's representation in this appeal have ended. Defense counsel need do no more than inform Brislan of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶8**     Brislan has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Brislan 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.

